**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TODD THOMAS,**

    **Plaintiff,**                                                                                   **Case No.:**

v.

**DAVID NELSON CONSTRUCTION CO.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, TODD THOMAS, by and through undersigned counsel, and sues Defendant, DAVID NELSON CONSTRUCTION CO., and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Plaintiff, TODD THOMAS (hereinafter "Thomas" or "Plaintiff"), is a resident of Pinellas County, Florida.

4. Defendant, DAVID NELSON CONSTRUCTION CO. (hereinafter "Nelson Construction" or "Defendant"), is a Florida for profit corporation, authorized to and conducting business in this Judicial District.

5. Plaintiff was an employee of Defendant, and Defendant was an employer of Plaintiff pursuant to the Family and Medical Leave Act.

## **GENERAL ALLEGATIONS**

6. At all times material herein, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

7. At all times material herein, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8. At all times material herein, Defendant was and is an employer as defined by the laws under which this action is brought and employee the requisite number of individuals.

9. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

11. In or around September 2016, Plaintiff began his employment with Defendant as a Heavy Equipment Operator.

12. Plaintiff routinely performed his job within the reasonable expectations of his employer.

13. On or about March 22, 2020, Plaintiff was injured in a motorcycle accident and sought treatment.

14. Plaintiff immediately notified Randall Green, his Field Forman, that he was injured and would not be able to come into work.

15. On or about March 23, 2020, Plaintiff spoke with Joe Hamilton, the Head Superintendent, about the motorcycle accident and his injuries.

16. Mr. Hamilton told Plaintiff to return to work when he was "able to walk to his machine."

17. Plaintiff responded that was no problem and that he would let him know when he's ready to return to work.

18. On or about April 12, 2020, Plaintiff sent a text message to Joe Hamilton, the Head Superintendent, that he was ready to return to work the next day, April 13, 2020.

19. Mr. Hamilton responded stating that he didn't have a job for Plaintiff since Plaintiff was a "no call no show."

20. Plaintiff was not given notices required pursuant to the Family and Medical Leave Act ("FMLA") and its regulations.

21. Defendant was on notice that Plaintiff's health condition and absence were potentially FMLA qualifying.

22. Plaintiff was not reinstated to the same or similar position that he had prior to his need for leave due to his serious health condition.

## COUNT I
## FAMILY MEDICAL LEAVE ACT - INTERFERENCE

23. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

24. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq*.

25. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

26. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

27. Plaintiff is a covered employee who suffered from a serious health condition within the meaning of FMLA.

28. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights and constitute violations of the FMLA.

29. Defendant's actions constitute violations of the FMLA.

30. As a result of Defendant's unlawful actions, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, TODD THOMAS, respectfully requests that judgment be entered in his favor against Defendant, DAVID NELSON CONSTRUCTION CO.:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive relief;

    f. Attorneys' fees and costs;

    g. Reinstatement; and

    h. For any other further relief the Court deems just and proper.

## COUNT II
## FAMILY MEDICAL LEAVE ACT - RETALIATION

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-two (22).

32. Defendant retaliated against Plaintiff in violation of the Family and Medical Leave

Act ("FMLA") by terminating his employment.

33. Defendant's actions constitute violations of the FMLA.

34. As a result of Defendant's unlawful actions, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, TODD THOMAS, respectfully requests that judgment be entered in his favor against Defendant, DAVID NELSON CONSTRUCTION CO.:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive relief;

    f. Attorneys' fees and costs;

    g. Reinstatement; and

    h. For any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

35. Plaintiff request a jury trial on all issues so triable.

Dated this 7th day of May, 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

**/s/ Hunter A. Higdon**
**HUNTER A. HIGDON, ESQUIRE**
Florida Bar No.: 85963
Primary:    hhigdon@fgbolaw.com
Secondary:    daniela@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:    wolfgang@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004

        Primary:  chris@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, Florida 33558
        Telephone No.: (727) 254-5255
        Facsimile No.: (727) 483-7942
        *Trial Attorneys for Plaintiff*